LEO GARABEDIAN *vs.* ANNIE DIZJIN.
ROSE GARABEDIAN *p. a. vs.* SAME.
APKAR ZAKARIAN *vs.* SAME.
ANNA ZAKARIAN *vs.* SAME.

APRIL 13, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. These actions of trespass on the case for negligence were tried together in the superior court to a jury. Verdicts were returned for the plaintiffs, who, with the exception of Leo Garabedian, filed motions for new trials on the ground that the damages awarded them in their respective cases were inadequate. These motions were granted by the trial justice. Thereafter, the defendant prosecuted bills of exceptions in all the cases to this court. The only exception now pressed before us is to the refusal of the trial justice to grant the defendant's motion for a directed verdict in each case.

From the evidence, it appears that the defendant was operating an automobile in which, at the time of the accident involved herein, the plaintiffs, with the exception of Leo Garabedian, were riding as guests. Leo Garabedian, the father of the plaintiff Rose Garabedian, a minor, is suing to recover consequential damages allegedly suffered by him because of injuries to his daughter in the accident in question.

The defendant's chief contention is that there was no evidence presented from which the jury could reasonably find that she was guilty of any negligence which was the proximate cause of the accident, and, therefore, that the trial court should have directed a verdict in her favor. The only direct evidence as to how the accident happened was given by the plaintiff Anna Zakarian. The defendant rested at the conclusion of the plaintiffs' case, and did not testify or introduce any evidence in her own behalf.

The testimony shows that the accident occurred about eleven-thirty o'clock on the night of August 24, 1934, in North Smithfield. The defendant was operating her car at a rate of speed between thirty-five and forty miles an hour in a southerly direction on the right side of a state highway. Another automobile, with headlights lit, proceeding rapidly on the other side of the highway, approached the defendant's car from the opposite direction, and, as this other automobile drew near to the car operated by the defendant, she drove at an angle to her right off the highway, over a curbing, across a sidewalk and into a pole which stood some six feet or more in from the curbing. The collision of the car with the pole caused the injuries complained of in these cases. The other automobile continued on its way and did not strike the one operated by the defendant, but according to the testimony of Anna Zakarian passed quite near to it. A doctor who attended Mr. and Mrs. Zakarian testified that, in obtaining a history from Mrs. Zakarian, she said, in substance, that an automobile traveling in the opposite direction was going to run into the car operated by the defendant, and to avoid a collision, the latter turned her car and bumped against a pole.

Whatever may be the proper scope and application of the testimony last referred to, which was introduced by the plaintiffs without objection from the defendant, the jury had, on the record herein, the right to weigh and consider all the evidence in the cases relating to the manner in which the accident happened and what brought it about. It was for the jury to pass upon the credibility of the witnesses and decide what testimony it would accept or reject. The state of the evidence in the instant cases clearly presented a question of fact to be determined by the jury, as to whether or not the act of the defendant in driving off the highway into the pole was due solely to her own negligent conduct, or whether she was confronted by an unexpected emergency at that time. If it should be found

by the jury that such an emergency existed, then they would have to decide the further question of fact whether or not the defendant exercised the judgment and care which reasonably should be required of her under the circumstances creating the emergency. The action of the trial justice in denying the defendant's motions for directed verdicts in her favor, based on the ground that there was no evidence from which she could reasonably be held guilty of negligence, was proper. *Kosrofian* v. *Donnelly,* 117 A. (R. I.) 421.

In the case brought by Leo Garabedian, the defendant makes the additional claim, as a ground for a direction of a verdict for her, that she was the agent of Leo Garabedian at the time of the accident, and that, if she was guilty of any negligence, it would be imputed to him so as to prevent any recovery by him. This contention is based on the facts, brought out by the evidence, that Leo Garabedian's eleven-year-old daughter Rose had been staying for a short time with the defendant and her husband, who lived in Pawtucket; that on the evening in question, the defendant took Rose in the automobile to Whitinsville, Massachusetts; that Rose visited her father, who was a widower, and who lived in that place; and that the accident occurred on the trip back to Pawtucket.

An examination of the evidence leads us to the conclusion that this contention of the defendant is without nerit. There is nothing in the testimony which tends to support, either directly or by implication, any such claim of agency. It does not appear that Leo Garabedian had authorized the defendant to act for him in any capacity, that he had asked the defendant to make the trip so that he could see his daughter, or even that he knew she was coming at the time she did. Such evidence as bears on this issue indicates that the parties were merely taking a pleasure ride. In our judgment, the ruling of the trial justice, in refusing to direct a verdict for the defendant in the case of Leo Garabedian on this ground of alleged agency, was correct.

In the case in which Rose Garabedian is the plaintiff, the defendant also urges, as a reason for a directed verdict in her favor, that Rose, at the time the accident took place, was not a guest in the defendant's car, but was merely a licensee or volunteer, and therefore, that the duty owed by the defendant to Rose was only to refrain from wantonly or willfully injuring her, and that the evidence herein does not show any breach by the defendant of that duty. Such a doctrine has been applied elsewhere, when the facts warrant it. *Lutvin* v. *Dopkus,* 94 N. J. L. 64; *Faggioni* v. *Weiss,* 99 N. J. L. 157; *Paiewonsky* v. *Joffe,* 101 N. J. L. 521.

This court has not adopted that doctrine, nor the doctrine of degrees of negligence, but has held that the duty owed to any guest or free passenger is that of ordinary care. *Leonard* v. *Bartle,* 48 R. I. 101. Even where the rule of licensees is accepted, it is held that such person is one who is *sui juris,* and who procures at his own request the privilege of riding in the conveyance involved. The evidence in the instant cases fails entirely to prove that the plaintiff Rose Garabedian had requested, on the occasion in question, to be allowed to ride in the defendant's automobile, and, therefore, the principal requirement necessary to make Rose a mere licensee within the above definition was lacking. In our opinion, the trial justice properly refused to direct a verdict for the defendant on this ground in the case of Rose Garabedian.

All of the defendant's exceptions are overruled.

In *Leo Garabedian* v. *Annie Dizjin,* Ex. No. 7714, the case is remitted to the superior court for the entry of judgment on the verdict. In Ex. Nos. 7715, 7716 and 7717, these cases are remitted to the superior court for new trials.

*Henry M. Boss, Francis W. Conlan,* for plaintiffs.

*Fergus J. McOsker,* for defendant.